Clement & Murphy
PLLC

May 16, 2023

**Via CM/ECF**

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

   Re: *Spencer v. Nigrelli*, No. 22-3237

Dear Ms. Wolfe:

   The state's contention that the recent amendment to New York's Concealed Carry Improvement Act ("CCIA"), *see* Ch. 55, pt. F, §4, 2023 N.Y. Laws (2023), has mooted this case is incorrect. If the state had wanted to fully address the issues raised in this case, it could have simply repealed the place-of-worship provision. That would have left places of worship in the same position as countless other property owners: free to permit anyone who visits their property and is otherwise permitted to carry a firearm to do so. *See* N.Y. Penal Law §265.01-d(l). Instead, the amended law *maintains* the place-of-worship ban, while adding an exception "for those persons responsible for security." Congregants and visitors thus remain barred from carrying firearms on the premises of His Tabernacle Church unless they have specifically been designated "persons responsible for security." That is certainly an improvement over the original law, but it is not the relief Plaintiffs have sought, which is for the Church to have the same rights as the countless private property owners who are not subject to any carry prohibition at all.

   To the extent the state means to suggest that Pastor Spencer should just declare any and all congregants and visitors "persons responsible for security," that is not a sensible understanding of the amended law, particularly since that would effectively render the place-of-worship ban redundant of §265.01-d(l). Moreover, even assuming that were an option, forcing places of worship to saddle all their congregants and visitors with official "responsib[ility] for security" just so that they can exercise their First Amendment rights without sacrificing their Second Amendment rights would only compound the church-autonomy problems.

   Finally, while the state notes (at 2) that "the Eleventh Amendment bars claims for money damages against state officials in their official capacities," it overlooks that Plaintiffs sued Defendants in their individual capacities as well, so the nominal damages

Ms. Catherine O'Hagan Wolfe, Clerk of Court
May 16, 2023
Page 2 of 2

they sought remain on the table. JA.68; *see Uzuegbunam v. Preczewski*, 141 S.Ct. 792, 802 (2021). Accordingly, Plaintiffs' challenges remain very much alive and well, and this Court should resolve them by holding the place-of-worship ban unconstitutional.

Respectfully submitted,

/s/ Erin E. Murphy
Erin E. Murphy
CLEMENT & MURPHY PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8901
erin.murphy@clementmurphy.com

Cc: All counsel of record (*via CM/ECF*)